## Commonwealth ex rel. Shooster, Appellant, v. Devlin.

Argued November 24, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*James L. Rankin* of *Geary & Rankin,* for appellant.— While the pleadings contain no averment as to the class into which the City of Chester falls, the lower court was justified in taking judicial notice of this fact: Bethlehem v. Allentown, 275 Pa. 110; Pearce v. Langfit, 101 Pa. 507; Sandy Lake Boro. v. Gas Co., 16 Pa. Superior Ct. 234.

While it is true that under the original permit calling for a two-story building, Shooster could not build a one-story structure, yet it is clear that so long as he

keeps within all of the building ordinances and regulations of the City of Chester he has a complete right to request a new permit even though it would provide for a building somewhat different in character or construction from that at first intended.

Our courts have many times recognized the right of a party to procure a writ of mandamus to compel a public official to perform a ministerial or routine duty. As we see it the defendant offers no sufficient reason for his refusal and therefore his action should be determined to be arbitrary: Herskovits v. Irwin, 299 Pa. 155; Coyne v. Prichard, 272 Pa. 424; Wright v. France, 279 Pa. 22.

*A. A. Cochran,* for appellee.—The application, the plans, and the permit were equivalent to an agreement between Shooster and the city. Any change therein could only be made by their joint consent. The inspector and council had the right and not the court to determine if the original plans should be changed as requested by appellant.

Courts will assume that municipal corporations exercise their discretionary powers properly, in good faith and with regularity: Reese v. Board of Mine Examiners, 248 Pa. 617; Runkle v. Com., 97 Pa. 328; Souder v. Phila. 305 Pa. 1; Griffith v. Cochran, 5 Binney 87; Com. v. Perkins, 17 Pa. 42; Com. v. Mitchell, 82 Pa. 343; Dechert v. Com., 113 Pa. 229; Felts v. Railroad, 160 Pa. 503; Johnson v. Veterinary Board, 46 Pa. Superior Ct. 279.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1932:

Appellant applied for and obtained a permit to erect a building, partly one story and partly two stories in height, on a property owned by him in the City of Chester. He began the work, which was delayed, however, by a proceeding alleging that the building, if erected, would violate a zoning ordinance of the city. This con-

tention was ultimately decided in his favor, but when it was, he encountered the monetary crisis which began in the fall of 1929 and still continues. The result was that he was financially unable to proceed further, and, therefore, roofed the building in when it was but one story high, and now desires to keep it at that height, making also certain interior changes.

In dismissing the proceeding in regard to the zoning ordinance, the court below added to its order the words: "This does not relieve him [appellant] from complying with the terms of the building ordinance, and the permit to, inter alia, erect the building two stories in height." When he found he was unable to erect it that high, he applied to the court to modify the above quoted portion of its order; but, apparently being of opinion that the local Act of April 3, 1867, P. L. 708, was in force, especially section 22 thereof, which required appeals from the orders of the building inspector to be made to the council of the city, it refused so to do, and advised him to apply to the council for an amendment of the building permit. He did this, but the council refused his request.

He thereupon applied to the building inspector for a new permit for the erection of a one-story building with the interior changes referred to; it was admitted at bar that this would in all respects comply with the existing requirements of the relevant statutes and ordinances. The building inspector refused to grant the permit, because he erroneously believed the original permit was a contract between relator and the city, and that, as stated in his brief, "any change therein could only be made by their joint consent." Relator then applied for a peremptory mandamus against the building inspector; an alternative writ was awarded to which the inspector made a return, setting up the facts stated above; relator demurred thereto; the court below overruled the demurrer and dismissed the peti-

tion; and relator then prosecuted this appeal. The judgment must be reversed.

In its opinion the court below said: "While we believe the plaintiff has been unjustly treated by the municipal authorities and that he should be given the relief which will be necessary to enable him to proceed to complete the building in accordance with his present plans,......we are powerless to aid him through law forms in the nature of a highly prerogative writ," because, as it elsewhere states, the writ of mandamus can only be issued where there is a clear legal right, whereas here "the local authorities may by a proper procedure compel [relator] to comply with the terms of the permit," and hence he can get no relief through the courts, but only by the grace of the city council, on appeal thereto as provided by section 22 of the local Act of 1867, supra.

Perhaps it would be sufficient to point out that, pending these proceedings and before the final judgment was entered, section 22 of the Act of 1867—and also every other section thereof which could have any possible relation to the question here at issue—was expressly repealed, without any reservation as to pending matters, by the Act of May 6, 1931, P. L. 96; but we prefer to plant our reversal on a broader ground.

A building permit is not a contract; it is exactly what it says it is—a *permit* to erect a building according to the plans and specifications submitted with the application therefor. It does not require the property owner to erect such a building, but only permits him to do so. For any reason satisfactory to himself he may change his mind and not begin the construction, and his decision in this respect will not be reviewable by the inspector or the city; or, having started, may stop before the building is completed, in which event no authority can compel him to go on. In this latter case, if that which he has done then is or later becomes a nuisance he may be required by due proceedings to

abate it, but that is the limit of control over him, even in respect to such an unfinished structure.

So far as concerns the public generally and the officials who represent it, an owner has a constitutional right to improve his property as he pleases, except in so far, if at all, as the legislature has properly controlled that right in the interest of the public generally. This control by the building laws and the municipal regulations founded thereon, is basically the same as that imposed by the zoning ordinances passed under statutory authority, and this, as we have repeatedly held, "does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property": White's App., 287 Pa. 259, 266; Ward's App., 289 Pa. 458; Kerr's App., 294 Pa. 246; Taylor v. Moore, 303 Pa. 469. The limit of the city's right in either case is to have the building, which is ultimately erected on plaintiff's property, fully comply with all the building regulations in force at that time. In view of this, possibly we could hold that the action of the inspector in refusing to grant the permit was "an arbitrary, unnecessary and unreasonable" unconferred exercise of official power and hence was wholly void, and would have been so even if there had been express statutory authority for it, of which there was none; but it is not necessary to decide these points on this appeal. It suffices that the fact that there had been a prior permit issued, which had not been fully pursued, did not give either the inspector or the city a right to compel the building to be constructed in accordance with the plans and specifications on file in the office of the building inspector; and as, admittedly, the new permit sought was for a construction which fully complied with the requirements of all the relevant statutes and ordinances, the refusal to issue it was without any legal justification, and hence the owner's right could and should have been enforced by mandamus, it being the proper way to remedy that particular wrong (Coyne

v. Prichard, 272 Pa. 424; Wright v. France, 279 Pa. 22), indeed is the only possible way to do so.

The judgment of the court below is reversed at the cost of appellee, and the record is remitted with a direction to issue and enforce a writ of peremptory mandamus, unless, upon proper application, appellee grants the permit sought by appellant.