## Skarvelis's Appeal.

▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

Argued May 27, 1936. Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ ▮▮▮▮
▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

*Anne X. Alpern,* First Assistant City Solicitor, with
her *Bennett Rodgers,* Assistant City Solicitor, for ap-
pellant (No. 133).

*Stephen Stone,* of *Stone & McCandless,* with him
*George F. Hall,* for appellants (Nos. 136 and 137).

*Thos. M. Benner,* for appellees.

OPINION BY MR. JUSTICE LINN, June 26, 1936:

The zoning ordinance of the City of Pittsburgh re-
quires an applicant desiring to erect a gasoline service
station to produce the written consent of a majority of
owners of property within a certain distance.* These

---

* "In commercial districts a station for the storage and service of
fuel, lubricating oil and accessories for motor vehicles, may be
erected or extended, provided no portion of the same or any of its

appeals involve consideration of the effect of withdrawal of consents and the substitution or addition of other consents, sufficient to make the required majority. We lay aside the question of the applicant's title in its relation to the sheriff's sale, considered in appellees' brief; that, as the learned court below said, may be determined, if necessary, in another proceeding.

Much confusion appears to have resulted from mistakes made in assembling and certifying the record to the common pleas on the appeal from the board of adjustment, and perhaps also obscured the point for review. When cleared of this confusion by the correction made in the record finally presented for action, the question simply was whether, sufficient consents having been filed, others, after some were withdrawn, might be added or substituted, the proceeding in fact having been kept alive and pending before the board of adjustment. It is not denied, if the addition may be made, that sufficient consents, within the terms of the ordinance, appear.

Too much formality may not be expected or required in and about such applications; the circumstances must be kept in mind. The primary concern is with the lawful use of one's property, a right not to be lightly restricted. Zoning statutes and ordinances have been sustained as necessary regulation subject to constitutional limitations. See generally *White's App.*, 287 Pa. 259, 134 A. 409. The provision of the zoning ordinance is not questioned but it must be reasonably administered: see *Perrin's App.*, 305 Pa. 42, 55, 156 A. 305.

Sufficient consents had been filed with the application, but, before it was acted on, some of the consentors withdrew their consent. Apparently without knowledge of

---

equipment shall be placed closer to the street line than fifteen feet ... .; and no permit therefor shall be issued unless there are filed with the application the written consents of the owners, in interest and number, of a majority of all the property fronting upon the same block within eighty feet of the site in question."

this withdrawal or in consequence of some oversight a permit was granted. Subsequently the permittee renewed the application with added consents, sufficient with those remaining to constitute compliance with the ordinance; and then surrendered the first permit. The board (in accord with its practice, as we understand the briefs) then issued the permit. This permit was then challenged by appellees, said to be interested in a neighboring service station.

The learned court below held that the error in granting the surrendered permit for want of sufficient consents rendered the consents "void and of no legal effect" and unavailable as an element in the grant of the application. The permit erroneously granted was subject to cancellation and the applicant acted properly in surrendering it. It is of course true, as the learned judge suggested, that the applicant might have again obtained a reconsent, but we have been furnished with no reason why that should be required, when the consent on file in the proceeding could be treated as effective until withdrawn. Proceedings of this character should be conducted as simply as the nature of the subject allows.

The witness Ryan, attached to the bureau of building inspection, and in charge of issuing permits, testified that according to the practice of the board "When a consent is given it is good until the consentor withdraws his consent in writing; but after the permit is issued their consent cannot be withdrawn."

As the addition of consents to supply those withdrawn took place while the proceeding was under consideration by the board, the terms of the ordinance were complied with.

The order appealed from is reversed, the permit is reinstated, no costs awarded to either party to the appeal.