Bregman et al. *v.* Exley et al., Appellants.

Argued January 14, 1946. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON and JONES, JJ.

 reargument refused April 8, 1946.

G. *Coe Farrier*, Assistant City Solicitor, and *Joseph
A. Keough*, with them *Frank F. Truscott*, City Solicitor,
for appellants.

*Charles E. Kenworthey*, with him *Schnader, Kenworthey, Segal & Lewis*, for appellees.

OPINION BY MR. JUSTICE LINN, March 25, 1946:

These two appeals, one, at number 66, by the Zoning Board of Adjustment, and the other, at number 70, by certain interveners, are from an order (1) reversing the refusal of the Zoning Board to permit the alteration and subsequent use of premises 4730-34 Baltimore Avenue and (2) directing the Zoning Board to grant leave subject to a condition to be referred to later in this opinion.

The property is irregular in shape; it fronts on Baltimore Avenue and abuts on Warrington Avenue in the rear; it contains two large rooms, one 50 x 100 feet and the other 100 x 216 feet. Before the appellees acquired it, the building was used as a public garage accommodating about 200 cars.

The Zoning Ordinance was approved August 10, 1933, and was passed pursuant to the Act of May 6, 1929, P. L. 1551, 53 P.S. 3822. It divides the city into

districts, one class being designated "Commercial Districts." Petitioners' property is in an " 'A' Commercial District." Section 16 deals with " 'A' Commercial Districts" and provides "The specific uses permitted in this district shall be the erection, construction, alteration or use of buildings or premises and/or land for" 37 different classes of user, of which, number 22 is "Sale or storage of goods, merchandise or commodities in stores or show rooms." These appeals involve the construction of those words in the light of the context of section 16 and of the other provisions of the ordinance, and in the light of constitutional limitations.[1] More specifically, the question is whether applicants' proposed use is permitted by section 16, clause 22; it is a question of law. They propose to alter and adapt the building to the purposes of their business now conducted at 2213 Ridge Avenue. They are engaged in selling to retailers candy, cigars, cigarettes, patent medicines and novelties;[2] they also sell by means of vending machines in various places throughout the city. About 15% of their business consists of sales consummated on the premises; the remainder is made up of sales pursuant to orders obtained by salesmen, by mail orders and sales by means of automatic vending machines.

---

[1] Among other familiar cases, see *Skarvelis's Appeal*, 322 Pa. 541, 543, 185 A. 635; *Wojnar v. Yale & Towne Mfg. Co.*, 348 Pa. 595, 598, 36 A. 2d 321; *Com. ex rel v. Devlin*, 305 Pa. 440, 445, 158 A. 161.

[2] One of the applicants testified: "A. We operate a wholesale tobacco, candy, novelty, patent medicine business. Our plans are to have a showroom, a store, a space where we can ship and sell orders. We sell to retail accounts. We have salesmen on the street. We also have people come in and look over our merchandise and place orders right then and there. Our showroom is a very vital part of our existence. We are also in the vending business where we operate cigarette vending machines and music machines on other locations. Our men go in and refill the cigarette machines with cigarettes out of our stock and they service these machines wherever they may be located . . . Q. Do you do any manufacturing? A. No, sir. Q. Do you propose to do any processing of any kind on the place? A. We have no mechanical equipment of any kind whatever."

The appellants seem to agree that if all the sales were made on the premises, the business would be authorized by clause 22 but contend that clause 22 prohibits the additional use of the premises for wholesale business and sales by soliciting orders and by means of automatic vending machines placed throughout the city.

Section 16 states that "The specific uses permitted . . . shall be . . . for . . . (22) Sale or storage of goods, merchandise or commodities in stores or showrooms." The word sales includes sales at wholesale as well as at retail, and the section shows that the draftsman of the ordinance was aware of that meaning and that in clause 22 it must have been used in its comprehensive sense instead of in the qualified sense of retail; of this there can be no doubt because in clause 3 of the same section, the ordinance authorizes use "for sale at retail on premises." The use of the limitation "on premises" in clause 3 is also significant, and is conclusive, that no restriction was intended by clause 22, which does not restrict sales to those made on the premises. The restrictions in clause 3 were specified because they were intended; they were omitted in clause 22 because they were not intended. The omission to restrict sales to retail and to sales "on premises" requires the rejection of appellants' argument that clause 22 does not authorize sales at wholesale or by salesmen at large. Similar consideration of the context requires that we reject appellants' argument that only such use was intended as would suffice for the needs of the residents surrounding, or in the neighborhood of, the premises. The section, for example, provides that among the permitted uses are "17. Multiple dwellings and penal and correctional institutions;" "26. Undertaking parlors, undertaking supplies," "31. Electric transforming sub-stations, car barns or other necessary public service uses." Appellants' arguments might have weight if restricting words sufficient to support the arguments

could be written into the ordinance, but the court may not rewrite the ordinance, nor is it necessary to consider whether such a restriction could be constitutionally imposed with respect to a business such as applicants propose to conduct.

Appellants also contend that the words in clause 22, "storage of goods, merchandise or commodities in stores or show rooms" were not intended to permit the conduct of this business in this building because, so the argument runs, the building is large and much space may be utilized in the "storage of goods, merchandise or commodities" intended for sale away from the premises; such use, it is contended, makes a warehouse of part of the building. This argument must be rejected because it takes too restrictive a view of the words of clause 22. Applicants do not propose to conduct a general storage or warehouse business; they store[3] their own goods in the sale of which they are constantly engaged. They propose to have a show room in which to display and sell their merchandise. It is common knowledge that sellers of commodities have and require storage space for goods not at the moment in process of sale and clause 22, authorizing "the storage of goods, merchan-

[3] In the opinion dismissing exceptions in the court below it was stated: "The applicant proposes to alter a building now used as a public garage, which consists of two huge rooms . . . . by dividing them with partitions into rooms to be used for the purpose of its business, . . . One of these rooms is designated on the architect's plan as a store, another a reception room and offices, a vault, record room, lavatories, rooms for storage, a delivery room in the rear and other rooms appear thereon. The only goods it is proposed to store are the stocks which are to be sold. The ordinance does not pretend to regulate the extent of a permitted business, the volume of its sales or the activities of its personnel whether in or outside the building. The merchant who conducts either a wholesale or retail business of any volume must provide in addition to space for the display and sale of goods, accommodations for employees, filing and record rooms, lavatories and a place to keep the stock he sells. Authority to do all this is implicit in the right granted to construct, alter or use a building for the sale or storage of goods in stores or showrooms."

dise and commodities" must be considered in that light.

We have carefully read the evidence taken in the case and considered it in the light of the oral and written arguments presented on behalf of the Board of Zoning Adjustment and on behalf of the interveners and find nothing to support appellants' suggestion that the learned court below erred in determining the single question of law presented.

We said at the beginning of this opinion that we should refer later to a condition which the court imposed on the use of the premises apparently in the interest of neighboring residents. It was thus stated in the adjudication: "It was brought out at the hearing before the Court that the petitioners, in an apparent desire to meet the objections of the protesting citizens, (who were permitted to formally intervene on the record), proposed to do the loading and unloading of vehicles within the walls of the building, in the back thereof on Warrington Avenue, so that none of it would be done on the sidewalk of that Avenue facing what may be the homes of some of the Intervenors, although this fact was not specifically brought out. It must happen frequently and unavoidably in this class of cases that one side of a street is the boundary of an 'A' Commercial District and the other side of a street is the boundary of a residential district. It seems to us that the proposal on the part of the petitioners in respect to the loading and unloading of their vehicles within the walls of their premises and off the sidewalk at the rear of the building is a fair and proper recognition of the neighboring residents in the other district, and this may be added as a qualification or condition in the authorization to be granted to the petitioners." The applicants have not objected by appeal to the imposition of that condition.

Order affirmed, costs to be paid by appellants in each appeal.