Sears, Roebuck & Company, Appellant, *v.* Power.

Argued April 17, 1957. Before JONES, C. J., CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*C. Gilpin Gibbon,* with him *Witney & Thornton,* for appellants.

*James L. Stern,* Deputy City Solicitor, with him *David Berger,* City Solicitor, *Gordon Cavanaugh,* Assistant City Solicitor, and *Leonard L. Ettinger,* Deputy City Solicitor, for appellees.

OPINION BY MR. JUSTICE COHEN, September 30, 1957:

In *Bregman v. Exley,* 354 Pa. 25, 46 A. 2d 272 (1946) we held that the Philadelphia Zoning Ordinance then in force[1] which authorized the "Sale *or* storage of goods, merchandise, or commodities in stores or show rooms" in class "A" zoned commercial districts, permitted property located in such districts to be used for the storage of merchandise for sales by salesmen-at-large to customers throughout the city.

---

[1] Zoning Ordinance of August 10, 1933, §16 (22) (emphasis supplied).

The opinion of Mr. Justice LINN in the *Bregman* case was filed on March 25, 1946, and on September 17, 1946, the Philadelphia City Council amended the zoning ordinance to provide that in "A" commercial districts only the "sale *and* storage of goods, merchandise and commodities in stores or showrooms *for sale on the premises at retail*" were permissible.[2] It is readily apparent that City Council by its enactment of this amendment intended to avoid the effect of our decision in *Bregman v. Exley.* The effect of the addition of the phrase "for sale" etc., and the substitution of the conjunction "and" for the disjunctive "or" is to prevent the use of warehouses in areas zoned "A" commercial.

Carl Lehr, (the owner), and Sears, Roebuck & Company, (the lessee), appellants in the case before us, appeal from the order of the Court of Common Pleas No. 7 of Philadelphia which affirmed the refusal of the Philadelphia Zoning Board of Adjustment to grant a use permit for the business operation of a property in a class "A" commercial district.

The building which is the subject of this appeal is located at 6026-28 Pine Street, Philadelphia, and extends southward to Osage Avenue. In 1954 Sears applied to the city for a building permit to construct a loading platform on the property. Incidental to this application Sears was informed that a "use permit" was required for the building since it was no longer being put to its original use as a public garage.[3] As a result of an inspection of the premises it was discovered that Sears was allegedly using the property

---

[2] Zoning Ordinance of September 17, 1946, Philadelphia Code of General Ordinances, Ch. 14-303 (1) (v) (emphasis supplied).

[3] The garage was listed as a nonconforming use when the class "A" designation was assigned to the district in which the garage was located.

as a warehouse in violation of the zoning ordinance, and had been so doing since June 25, 1947. The appellant, Sears, was therefore denied the use permit and it thereupon requested the Zoning Board of Adjustment to grant a variance. The variance was refused and the denial of the use permit was sustained. Sears then appealed to the Court of Common Pleas and argued that the premises were operated not as a warehouse but rather for the sale of goods on the premises at retail, a permitted use, and accordingly it was entitled to a use permit. The Pine Street premises, the appellant contended, were utilized by Sears for the following purposes:

(a) Sale and delivery of merchandise on the premises.

(b) Delivery of goods to a store at 63rd and Market Streets where orders for the goods were taken and the goods subsequently delivered to the customers.

(c) Delivery of goods directly to the customers on the basis of orders taken at the 63rd Street store.

The lower court found that the structure was used essentially as a warehouse, a prohibited use, and that the decision of the zoning board in refusing a variance was proper. Sears and the owner, Lehr, who had been allowed to intervene, then took this appeal.

We agree with the court below that the evidence does not bear out the appellants' contention that the premises were used (a) for the sale and delivery of merchandise on the premises.

Testimony by the appellant's own witnesses elicited the following information: The Pine Street place was used basically for storage; the overwhelming number of sales were made at the 63rd Street store; the Pine Street property was not equipped to service customers; it was not staffed with either sales or services personnel; no merchandise was on display at the premises;

most of the merchandise therein was stored in cartons; the Pine Street place is designated by Sears as "Sears, Roebuck Co., Warehouse."

Photographs of the building which were introduced reveal that the Pine Street structure is a conventional, unconverted garage which does not possess a single common attribute of a store for sales on the premises to the public.

In short, the evidence shows that the Pine Street building was nothing more than a warehouse where an occasional sale took place.

From the opinion of the court below, we quote with approval: "I do not think that the Pine Street premises is a place where customers come to buy. It is a place where, from time to time, customers may come to get delivery of what they bought at the Market Street store, which the Market Street store did not have in supply. The Market Street store has various items on display; the sale is made there; the customer gets his sales-slip there. He takes it and presents it at Pine Street to pick up the merchandise, since the Market Street store does not have enough space to stock all its items."

Appellants contend, however, that the other uses made of the Pine Street building—(b) the sending of goods to the 63rd Street store to fill orders taken thereat, and (c) delivery of goods directly to customers on the basis of orders taken at the 63rd Street store—qualify as "sales on the premises."

Appellants rely upon sections 2-106(1) and 2-401(1) of the Uniform Commercial Code[4] for the proposition that a sale consists in the passing of title from seller to buyer, and since title to goods cannot pass prior to

---

[4] Act of April 6, 1953, P. L. 3, §§2-106(1), 2-401(1), 12A P.S. §§2-106(1), 2-401(1).

their identification to a contract, the sales of the merchandise stored at Pine Street occur on the premises when the merchandise is identified to the customers' order.

The "passage of title" concepts in the Uniform Commercial Code are not helpful in solving the zoning problem presented in this case. The rules of the code relied upon are designed to determine, at the various stages in a commercial transaction, the relative rights and liabilities of buyers and sellers. While the subtleties of the sales definition of the code are important to the law of commercial contracts, they have no application to the zoning regulations involved in the present case which concern the physical use to which land is put.

In determining whether a building is a warehouse or a store for retail sales on the premises, the critical question is: Does it possess the characteristics embodied in the zoning law concept of a warehouse or of a retail store? The record is plain that the Pine Street premises has the characteristics of a warehouse. It is serviced by a regular flow of heavy trucks producing noxious Diesel fumes and causing a serious traffic problem. Further, there is continual loading and unloading of freight which results in annoying noise as does the handling of the merchandise necessary to the operation of the Sears premises.

It is clear that under *Bregman v. Exley,* the warehouse use made of the premises by the appellants would nevertheless have been permissible, it is equally clear that *Bregman v. Exley* does not represent the law applicable to the present facts, and that, under the amended ordinance, appellants' operation of the building constitutes a nonconforming use requiring the grant of a variance. The refusal of the Zoning Board of Adjustment to grant such a variance did not, under the cir-

cumstances of this case, constitute a manifest abuse of discretion. *Walker v. Zoning Board of Adjustment,* 380 Pa. 228, 110 A. 2d 414 (1955).

We therefore affirm the judgment of the court of common pleas; the action of the Board must be sustained.

Judgment affirmed.