## Thornbury Township v. Widdis

*Sondra K. Slade,* for the Township of Thornbury.
*Joseph Widdis,* for defendant.

BLOOM, *J.,* October 26, 1983—On or about June 13, 1983, defendant was issued a citation for violation of Township Zoning Ordinance Article XXVII, section 360. The ordinance in question reads as follows:

"Section 360. Storage of Disabled or Dismantled Vehicles. No continuous parking or storage of disabled or partially dismantled or junk cars, trucks, boats, or other forms of vehicles shall be permitted in any area, lot or premises."

It is not disputed that defendant keeps and restores automobiles as a hobby on his property. Defendant admitted that he maintains parts of cars out of doors on his property.

Defendant contends that the ordinance is unconstitutional as applied and he cannot be found guilty of this ordinance. Accordingly, the issue to be resolved by this court is whether section 360 is constitutional and thus enforceable. Defendant cites Kadash v. City of Williamsport, 19 Pa. Commw. 643, 340 A.2d 617 (1975), for the proposition that a city cannot declare the storage of junk vehicles a nuisance per se. Judge Blatt, in speaking for the court in Kadash, supra, pointed out that the total prohibition would not be reasonably necessary to keep the junked material out of sight. Likewise, Judge Blatt went on to say that the test for ordinances which are an exercise of the police power is reasonableness.

We note that the ordinance in question is not a nuisance ordinance but a zoning ordinance. We point this out because the question of an ordinance regulating storage on land has been answered in Sears, Roebuck and Company v. Dover, 390 Pa. 206, 134 A.2d 659 (1957), in which the Supreme Court upheld the validity of a zoning ordinance which prohibited a warehouse. The township so rightly points out that the use of land is a power given to it through 53 Pa.C.S. §10101, referred to as the Municipal Planning Code. Likewise, the township has not declared the storage of junk or aban-

doned vehicles to be a nuisance per se. They allow said storage so long as it is in a garage.

Considering the problems normally associated with the storage of junk vehicles, it would appear that the township was acting reasonable in adopting its ordinance. As Judge Blatt stated in Kadash, supra, "Where a reasonable interpretation can be adopted, which will save the constitutionality of an Ordinance, it is the Court's duty to adopt it. Dole v. Philadelphia, 337 Pa. 375, 11 A.2d 163 (1940)." Therefore, we adopt this interpretation that is reasonable for the township to require junk vehicles to be stored indoors.

Lastly, defendant contends that since the words "disabled" and "dismantled" are not defined in the ordinance, the ordinance must fall as being vague. We find no merit in this contention. The words "disabled" and "dismantled" are such common words that the township need not define them. As the solicitor for the township stated "a disabled car will not run and a dismantled car is not whole."

Therefore, we enter the following

## ORDER

And now, this October 26, 1983, after presentation of testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. Defendant is found guilty of violation of section 360 of the Township of Thornbury Zoning Code.

2. Defendant shall appear for sentencing in the Courthouse, Media, Delaware County, Pa., on Friday, November 4, 1983 at 10 a.m. at which time he should be advised of his rights to file post-trial motions.