**Trainer Borough v. Talley**

*Joseph F. Battle,* for borough.
*Thomas H. Broadt,* for defendant.

REED, Jr., *J.,* September 18, 1980—This case arises on defendant Thomas Talley's appeal from his summary conviction before a district justice of violation of Borough of Trainer Ordinance no. 367 which prohibits the storage or parking of junked, wrecked, stripped or abandoned automobiles, trucks and other vehicles on public or private property.

Briefly, the salient facts are that on January 11, 1968 the Borough of Trainer enacted Ordinance no. 367 which makes it unlawful to store or park junked, wrecked, stripped or abandoned automobiles, trucks or other vehicles on public or private property.

On October 17, 1979 and again on November 5, 1979 a Trainer Police Officer issued citations to defendant for violating Ordinance no. 367. A hearing was held, and the district justice found defendant guilty on both citations fining him $300 on each together with court costs. Defendant has appealed and raises three issues.

I

First, defendant questions the authority of the Borough of Trainer to enact Ordinance no. 367. This we find has no merit, since the legislature has enacted legislation, The Borough Code of February 1, 1966, P.L. 656, as amended, §46202(5), which deals directly with this question and empowers a borough to adopt ordinances which prohibit and

require the removal of nuisances including but not limited to abandoned or junked automobiles.

## II

Defendant's second issue is whether or not the presence of junked, wrecked, stripped or abandoned automobiles, trucks or other vehicles on defendant's property constitutes a nuisance within the meaning of the law.

It should be pointed out that defendant owns and operates an auto body shop at the site of the violations. Defendant contends that since his property is located in an area zoned commercial, therefore the standard of what constitutes a nuisance should be limited to this type area and differs from that applicable otherwise in the community.

We find this argument also without merit and totally unsupported. Defendant's logic would create deteriorating commercial districts, ignoring the promotion of the health, safety or welfare of the whole community. In commercial districts the standards of health, safety and welfare would be set by whatever the level of maintenance or deterioration might be of the surrounding commercial properties—a result not hardly contemplated by the legislature nor of much value.

Furthermore, we conclude that defendant's storage of junked, wrecked, stripped and abandoned vehicles does constitute a nuisance. Both the arresting officer and the borough mayor testified about vehicles being kept on the property for as long as five years with auto parts and debris strewn about. Moreover, the vehicles were either on or placed abutting the sidewalks, and children played

on defendant's property and in the vehicles; in addition, rats had been seen nesting in and among the "junks."

Taking all this into consideration there is little doubt that defendant's property is of such nature and character as to constitute a nuisance in fact, denigrating legitimate and reasonable standards of health, safety and welfare for any community. See Kadish v. City of Williamsport, 19 Pa. Commonwealth Ct. 643, 340 A. 2d 617 (1975).

## III

Finally, defendant argues that the borough has not sustained its burden of proof. On the contrary, the evidence presented, viewed in the light most favorable to the borough, more than meets the mandated burden of proof. That defendant maintains a nuisance is established beyond a reasonable doubt.

To that end, we find defendant guilty of the violations charged, and impose a total fine of $600 ($300 each) plus costs.

## ORDER

And now September 18, 1980 it is hereby ordered and decreed that defendant Thomas Talley be and the same is hereby found guilty of violation of Borough of Trainer Ordinance no. 367 on October 17, 1979 and November 5, 1979, and is fined $300 for each violation together with the costs.