Opinion by
Judge Blatt,
George Kadash appeals to this Court from an order of the Court of Common Pleas of Lycoming County which found him guilty of violating Ordinance 4519 of the City of Williamsport (City) and fined him $15'plus costs.
The ordinance in its entirety reads as follows:
“An Ordinance Providing for the Prohibition of Nuisances, Including but Not Limited to, Accumulation of Garbage and Rubbish, and the Storage of Abandoned or Junked Motor Vehicles, on Private and Public Property; the Carrying on of any Offensive Manufacture or Business; and the Accumulation of Junk; Providing for the Removal of Such Nuisances After Notice to Property Owner; Providing for the Collection *647 of the Cost of Such Removal; and Providing for a Penalty for Violation, and for Equity Proceedings.
“It Is Hereby Enacted and Ordained by the City Council of the City of Williamsport:
“Section 1. It shall be unlawful for any property owner in Williamsport to maintain a nuisance.
“Section 2. Property shall include both private and public property.
“Section 3. Property owner shall include all natural persons, corporations, associations, school districts and churches, tenants, or occupiers of property in the City.
“Section 4. Nuisances shall include, but shall not be limited to, accumulations of garbage and rubbish, and the storage and accumulation of abandoned or junked motor vehicles, or motor vehicles not used or licensed, the storage or accumulation of other abandoned or junk material, the carrying on of any offensive manufacture or business, and the accumulation of junk.
“Section 5. Abandoned or junk material shall include, but shall not be limited to furnaces, parts of furnaces, electrical appliances, furniture, of little value and not properly housed.
“Section 6. Junk shall include, but not be limited to, any and all forms of waste and refuse of any type of material, including scrap metal, abandoned or junked motor vehicles, glass, industrial waste and other salvable materials.
“Section 7. The Health Officer, or Codes Administrator, or any one acting under them or either of them, shall have authority to remove any nuisance on public or private grounds after notice to the owner to do so, and, in his default, to collect cost of such removal together with penalty of ten percent.
“Section 8. Any person violating the provisions of this article shall be fined not more than Three Hundred (300) Dollars, or imprisoned not more than ninety (90) days, or both.
*648 “Section 9. In addition, the Health Officer or Codes Administrator may institute proceedings in courts of equity to enforce this ordinance.
“Section 10. The provisions of this Ordinance are severable and if any of its sections, clauses, or sentences shall be held illegal, invalid or unconstitutional, such illegality, invalidity, or unconstitutionality shall not affect or impair any of the remaining sections, clauses or sentences of this Ordinance. It is hereby declared to be the intent of City Council of the City of Williamsport that this Ordinance would have been adopted if such illegal, invalid or unconstitutional section, clauses or sentences had not been included herein.
“Section 11. The provisions of this article shall be in addition to zoning, fire prevention, sanitary, and building laws, ordinances or resolutions now in force and applicable to the locality in which the subject exists.
“Section 12. All ordinances, or parts of ordinances, inconsistent herewith are hereby repealed providing, however, that this ordinance shall in no way repeal any zoning ordinances or zoning permits issued in persuant (sic) of such zoning ordinances, and further providing that this ordinance shall not be applicable to any licensed scrap or scrap processing dealer.”
At the trial before President Judge Greevy on November 12, 1973, City Health Officer George Dooris, testified that on or about March 12, 1973 he visited property owned by Mr. Kadash at 204-230 Catawissa Avenue. He found there a number of unlicensed, uninspected motor vehicles with parts missing and appearing to be junk, lying on the ground. He also observed a stove, a water heater, a furnace and motor vehicle parts which were not in usable condition. On the basis of Dooris’ testimony as well as that of James Rechel, the Chairman of the Williamsport Board of Health who took photographs of the subject project, Kadash was convicted.
*649 At the trial Kadash admitted that he stored the autos and other material openly on his property. Likewise, on appeal he does not quarrel with the lower court’s finding that “[on] March 12, 1973, defendant, not a licensed scrap or scrap-processing dealer, had located on this property abandoned or junked automobiles or motor vehicles not used or licensed and other junked materials. . . .” Instead he questions the sufficiency of the facts to prove conviction as well as the authority of the City to enact such an ordinance.
In Commonwealth v. Hanzlik, 400 Pa. 134, 161 A.2d 340 (1960), Borough of Macungie v. Hoch, 34 Lehigh Law Journal 99, (1970), aff’d per curiam, 1 Pa. Commonwealth Ct. 573, 276 A.2d 853 (1971), and in Commonwealth v. Christopher, 184 Pa. Superior Ct. 205, 132 A.2d 714 (1957) our courts struck down municipal ordinances which declared the storage of abandoned automobiles and other junk to be unlawful as a nuisance per se. In each case the municipality involved was a second class township whose authority to enact such anti-nuisance ordinances was delineated by the Second Class Township Code which, in pertinent part, provided:
“[Township supervisors shall have power — ]
“To prohibit nuisances, including but not limited to, accumulations of garbage and rubbish, and the storage of abandoned or junked automobiles, on private and public property, and the carrying on of any offensive manufacture or business;” Act of May 1, 1933, P.L. 103, as amended, Section 702, 53 P.S. §65712.
The courts construed this language “as authorizing the local governing bodies to declare such activities to be nuisances when, based upon actual conditions in the township, they constitute nuisances in fact.” (Footnote Omitted) Hanzlik, supra at 137, 161 A.2d at 342.
“Under this provision, the township may create a criminal offense and provide a penalty for the violation of a sister ordinance which prohibits nuisances. *650 In order to secure a conviction pursuant thereto, however, the township must show beyond a reasonable doubt that the defendant was in fact maintaining a nuisance.” (Emphasis in original) Hanzlik, supra, at 138-189, 161 A.2d at 343.
By enacting ordinances which declared the storage of abandoned or junked automobiles and other material to be a nuisance per se, the courts held, the municipalities exceeded the authority delegated to them in the enabling statute.
It is true, of course, that the City of Williamsport is not bound by similar enabling legislation, for it has elected to be governed pursuant to the Option Third Class City Charter Law. Act of July 15, 1957, P.L. 901, Section 101 et seq., 53 P.S. §41101 et seq. Moreover, Section 304 of that statute (53 P.S. §41304) provides in part that:
“The general grant of municipal power contained in this article is intended to confer the greatest power of local self-government consistent with the Constitution of this State.”
It would appear, therefore, that the City here has broad power, within constitutional limitations, of course, to define what will constitute a nuisance within its boundaries. See Greenberg v. Bradford City, 432 Pa. 611, 248 A.2d 51 (1968). In the exercise of such powers, however, the City has chosen to adopt an ordinance whose language is almost identical to that contained in the Second Class Township Code. And that language has already been consistently interpreted by our appellate courts as not defining “the storage of abandoned or junked automobiles” as a nuisance per se. We must similarly construe the ordinance, therefore, as not defining nuisances per se but as merely describing the type of activity which in a given case, might constitute a nuisance when conducted so as to offend legitimate health, safety or welfare concerns. In any given case, for instance, the possibility of theft, the potential for injury to trespassing children and the danger of rats breeding, could, if proved, render the *651 open storage of junk to be a nuisance. In Cox v. New Sewickley Township, 4 Pa. Commonwealth Ct. 28, 284 A.2d 829 (1971), we held that such considerations may justify a municipality’s exercise of its police power in regulating junkyards.
Furthermore, if we were to construe Section 4 of the ordinance in question as declaring the described activities, including the “storage and accumulation of abandoned or junked motor vehicles” to be an unlawful nuisance per se, we would have to hold that such a prohibition was unconstitutional. The results of such a prohibition would go far beyond legitimate police power concerns and in effect would prevent all non-dealers[1] anywhere in the City from collecting junked motor vehicles, regardless of how safely and cleanly they should act. Under that interpretation a non-dealer using the highest degree of care could not collect junked autos as a hobby even in the shelter of his own garage.[2] Even if aesthetic considerations are valid, such a total prohibition would not be reasonably necessary to keep the junked material out of sight.
The constitutional limitations on the exercise of the police power are well-established:
“To justify the State in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reason *652 ably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals: Lawton v. Steele, 152 U.S. 133, 137, 14 S. Ct. 499, 501, 38 L. Ed. 385 (1894). See also, Commonwealth v. Harmar Coal Company, 452 Pa. 77, 306 A.2d 308 (1973); DePaul v. Kauffman, 441 Pa. 386, 272 A.2d 500 (1971); Lutz v. Armour, 395 Pa. 576, 151 A.2d 108 (1959). In applying these standards a regulation must be measured by its ‘reasonableness,’ Goldblatt v. Hempstead, 369 U.S. 590, 82 S. Ct. 987, 8 L. Ed. 2d 130 (1962).” Sobocinski v. City of Williamsport, 13 Pa. Commonwealth Ct. 425, 319 A.2d 697 (1974).
What is not an infringement upon public safety and is not a nuisance cannot be made one by legislative fiat and then prohibited. Commonwealth v. Christopher, supra. If we were to interpret the ordinance as declaring the collection of junked autos to be unlawful as a nuisance per se, it would in our view fail the test of reasonableness.
Where a reasonable interpretation can be adopted, which will save the constitutionality of an ordinance, it is the court’s duty to adopt it. Dole v. Philadelphia, 337 Pa. 375, 11 A.2d 163 (1940). We must, therefore, adopt an interpretation of the ordinance which requires the City to prove that a nuisance in fact exists in any given case.
Our review of the record in this case leads us to the conclusion that the City has failed to prove that Kadash’s activities in this case constituted a nuisance. The witnesses for the City did not describe any harmful effects of his actions nor did the lower court make any finding that a nuisance in fact existed on Kadash’s property. Both the City and the lower court apparently deemed it sufficient that the prosecution prove merely the existence of the junked material on Kadash’s property.
The order of the lower court finding George Kadash guilty and sentencing him to pay $15 plus costs was, therefore, in error and is hereby reversed. The conviction is vacated and the City is ordered to remit the collected fine plus costs.

. Section 12 provides that the ordinance shall not apply to licensed scrap or scrap processing dealers. Such dealers may obtain a license to conduct their business in industrial districts, provided that they meet certain conditions. But one who is not a dealer could obviously not receive such a license. See Osborne v. Commonwealth, 15 Pa. Commonwealth Ct. 325, 325 A.2d 671 (1974).

. Section 5 describes “abandoned or junk material” as being “of little value and not properly housed.” No such limitations are placed on the ordinance’s definition of “nuisance” in Section 4 as including “the storage and accumulation of abandoned or junked motor vehicles, or motor vehicles not used or licensed.”