561 A.2d 1339

**Nona DAVIS, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 1989.

Decided Aug. 8, 1989.

476

Nona Davis, Cresson, Pa., pro se.

James A. Nelson, Chief Deputy, Timothy P. Creany, Dist. Atty., Ebensburg, for Cambria County, Sandertown Borough, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Nona Davis (Appellant) has appealed from an order of the Court of Common Pleas of Cambria County which found her guilty of violating Ordinance No. 71–2 of the Borough of Sankertown (Borough) and imposed a $25 fine plus costs. We reverse.

The facts as found by the trial court may be summarized as follows. On June 6, 1983, Appellant was advised by the Borough police chief that she was in violation of Ordinance No. 71–2 for having on her property an unlicensed, uncov-

ered 1936 Plymouth automobile which was in need of repair. She was informed that she had ninety-six hours in which to remove the vehicle. On June 11, 1983, when the police chief ascertained that the vehicle had not been removed, he issued a citation to Appellant.

A hearing was held on August 4, 1983 before a district magistrate, who found Appellant guilty and imposed a $25 fine plus costs of prosecution. Appellant filed a timely appeal and a hearing was held in common pleas court on September 27, 1983. The presiding judge upheld the conviction. It was later determined that Appellant had not received notice of the September 27, 1983 hearing and the case was ultimately re-tried on February 7, 1989 with Appellant present. The trial judge again upheld the conviction, resulting in this appeal.

Ordinance No. 71–2, which Appellant was found to have violated reads, in relevant part, as follows:

SECTION 1. No person shall place or store, within the limits of the Borough of Sankertown, any abandoned, junked or wrecked motor vehicle or motor vehicles which are not currently licensed. Any motor vehicle so placed or stored is hereby declared to be a public nuisance, and detrimental to the health, safety and welfare of the citizens of the Borough, and in violation of this Ordinance.

SECTION 2. It shall be the duty of the Police of the Borough to enforce the provisions of this Ordinance. The Police Officers shall attach to the motor vehicles which are in violation of this Ordinance, a notice that such vehicles are in violation of this Ordinance and instructing that the vehicle be removed within ninety-six (96) hours.

SECTION 3. If a motor vehicle, which is in violation of this Ordinance is not removed within ninety-six (96) hours, following the posting of the notice provided for in Section 2 hereof, the owner thereof or possessor of the land upon which said vehicle is located shall be subject to the penalties hereinafter provided.

In *Commonwealth v. Hanzlik*, 400 Pa. 134, 161 A.2d 340 (1960), our Supreme Court struck down a similarly-worded township ordinance, holding that, while Section 702 of The Second Class Township Code (Township Code), Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65712, gives a township the power to prohibit nuisances *in fact*, it does not confer upon them the power to declare or define the storage of junked or abandoned automobiles as nuisances *per se.*

While *Hanzlik* involved a determination of the extent of a township's powers under Section 702 of the Township Code, this Court has applied its reasoning in cases involving borough and city ordinances. *See, e.g., Talley v. Borough of Trainer*, 38 Pa.Commonwealth Ct. 441, 394 A.2d 645 (1978); *Kadash v. City of Williamsport*, 19 Pa.Commonwealth Ct. 643, 340 A.2d 617 (1975); *Borough of Macungie v. Hoch*, 34 Lehigh L.J. 99 (1970), *aff'd per curiam*, 1 Pa.Commonwealth Ct. 573, 276 A.2d 853 (1971). In *Commonwealth v. Sadecky*, 41 Pa.Commonwealth Ct. 86, 398 A.2d 1073 (1979), a case involving a borough junkyard ordinance, we noted that the provisions of the Act of February 1, 1966 (Borough Code), P.L. (1965) 1656, *as amended*, 53 P.S. §§ 45101–48501, confer greater regulatory powers upon boroughs than those granted to some townships under the Township Code. Nonetheless, we required that "the ordinance ... be phrased in such a way as to require the municipality to affirmatively establish that a nuisance in fact exists." *Id.*, 41 Pa.Commonwealth Ct. at 89, 398 A.2d at 1075.

Because these authorities uniformly require that a nuisance *in fact* be proven in order to sustain a conviction for violation of these sorts of ordinances, and because our review of the record indicates that there was absolutely no evidence adduced to show that the storage of the 1936 Plymouth upon Appellant's property constituted such a nuisance, the trial court's order must be reversed.

## ORDER

AND NOW, this 8th day of August, 1989, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is hereby reversed.