578 A.2d 80

**Fred TEAL, Appellant,**

v.

**TOWNSHIP OF HAVERFORD, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1990.

Decided July 23, 1990.

158

Jon J. Auritt, Media, with him, Elisabeth R. Aaron, for appellant.

Emanuel Ross Bleier, with him, Hugh A. Donaghue, Havertown, for appellee.

Before DOYLE and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Fred Teal (Teal) appeals from an order of the Court of Common Pleas of Delaware County sentencing Teal to fines and costs of $3,835.30 for violating Sections 1 and 3 of Ordinance No. 1282 (Ordinance) of the Township of Haverford (Haverford). Teal raises numerous constitutional and other challenges to the Ordinance and his conviction and sentence thereunder.[1] For the reasons hereinafter stated, the sentence of the trial court is reversed.

Teal owned two automobiles, not in working order, which he kept in the driveway of his leased house in Haverford Township. Neither vehicle had current registration plates or inspection stickers. Teal testified in the proceedings below that he and his sons were repairing the vehicles to make them operable. He was advised by Haverford's Code Enforcement Officer that under Sections 1 and 3 of the Ordinance (the text of which is set forth hereafter), he would either have to make the vehicles "street legal" (that is, registered, operable, and possessing current inspection stickers) or have them removed from the property. When Teal failed to take or complete either action, he was cited repeatedly by Haverford for violations of the Ordinance.

A hearing was held before a district justice who found Teal guilty on thirteen citations. Fines and costs totaling $3,835.30 were assessed. Teal appealed to the Court of Common Pleas of Delaware County. Following a trial de novo, Teal was once again found guilty and sentenced to pay fines and costs in the amount imposed by the district justice. Teal thereupon appealed his judgment of sentence to this Court.

---

1. Teal raises the following issues: did Haverford fail to prove that Teal's actions constituted a nuisance in fact; is the Ordinance invalid in that it goes beyond what is authorized by the state enabling legislation; is the Ordinance invalid because it is unconstitutionally overbroad; is the Ordinance invalid because it goes beyond the legitimate exercise of a municipality's police power as the Ordinance is essentially aesthetic; is the Ordinance illegal because it impinges on an area controlled exclusively by the Pennsylvania Motor Vehicle Code; did Teal comply with the citations as written by the Haverford Code Enforcement Officer; and was the fine imposed by the trial court excessive?

The Ordinance provisions which Teal was found to have violated read in pertinent part as follows:

SECTION 1. It shall be unlawful for the owner of any motor vehicle to allow, or for any person to park a disabled motor vehicle or permit a disabled motor vehicle to stand, whether attended or unattended, upon any private property within the Township of Haverford for a period of more than seventy-two (72) consecutive hours.

. . . .

SECTION 3. A disabled motor vehicle shall be one which is rendered inoperative or immobile by reason of mechanical or other difficulty or by reason of damage to said motor vehicle, or a motor vehicle which does not have affixed to it a current registration plate, or a current inspection sticker.

. . . .

SECTION 12. Any person violating any of the provisions of this ordinance shall be liable in addition to the other charges hereinbefore provided to a penalty of not more than Three Hundred dollars ($300.00) nor less than Twenty-five dollars ($25.00) for each and every offense, to be collectible [sic] before any Justice of the Peace. The costs of any proceeding hereunder shall be in addition to the penalty imposed.

Haverford, as a township of the first class, derives its authority to prohibit and remove "disabled motor vehicles" from its power to prohibit and remove nuisances pursuant to Section 1502 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 56526. While this section does not specifically list disabled motor vehicles as nuisances, comparable sections of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201, indicate clearly that the storage of "abandoned or junked automobiles" may constitute nuisances. *See, e.g.,* 53 P.S. § 53175 (relating to the power of incorporated towns to prohibit or remove nuisances) and 53 P.S. § 65712 (relating to the

power of second-class townships to prohibit or remove nuisances).[2]

In *Commonwealth v. Hanzlik,* 400 Pa. 134, 161 A.2d 340 (1960), the Pennsylvania Supreme Court struck down a second-class township ordinance prohibiting the storage of abandoned or junked motor vehicles. The ordinance declared these vehicles to be nuisances. The Supreme Court held that while Section 702 of The Second Class Township Code[3] gave a second-class township the power to prohibit nuisances *in fact,* it did not confer upon these townships the power to declare or define the storage of junked or abandoned automobiles as nuisances *per se.*

This Court has extended the Supreme Court's rationale to cases involving borough and city ordinances. *See, e.g., Davis v. Commonwealth of Pennsylvania,* 127 Pa. Commonwealth Ct. 475, 561 A.2d 1339 (1989); *Talley v. Borough of Trainer,* 38 Pa.Commonwealth Ct. 441, 394 A.2d 645 (1978); *Kadash v. City of Williamsport,* 19 Pa. Commonwealth Ct. 643, 340 A.2d 617 (1975). As this Court stated in *Talley,* "[i]t is well established that a *municipal* ordinance which seeks to abate the storage of wrecked, junked, or abandoned vehicles cannot declare the mere presence of such vehicles on any given property to be a nuisance per se." 38 Pa.Commonwealth Ct. at 442, 394 A.2d at 646 (emphasis added). In *Davis,* this Court reversed the conviction of an individual found in violation of a borough ordinance prohibiting the storage of abandoned, junked, or wrecked motor vehicles or motor vehicles not currently licensed. The individual had on her property an unlicensed and uncovered automobile. This Court reversed her conviction because the record yielded no evidence that the storage of an unlicensed vehicle on her property constituted a nuisance in fact.

2.  Indeed, the trial court and counsel for both parties stated that Ordinance No. 1282 is derived from 53 P.S. § 53175. That section, however, relates to incorporated towns.

3.  Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65712.

■ There is no doubt that the reasoning in these cases would apply to a review of ordinances of townships of the first class as well, particularly in light of the provisions of 53 P.S. § 56526. This section provides that first-class townships may prohibit or remove certain described nuisances and any other nuisance on public or private ground which is "prejudicial to the public health or safety." Therefore, pursuant to The First Class Township Code, Haverford may prohibit, remove, or cause to be removed disabled vehicles on private property if they are, in fact, nuisances to the public.

■ Haverford's Ordinance prohibits the storage for more than seventy-two hours of disabled vehicles on the sole grounds that they are disabled. If this Court were to interpret the Ordinance as declaring the storage of disabled vehicles to be unlawful as a nuisance per se, it would not only be beyond the scope of power granted to Haverford by 53 P.S. § 56526 but also unconstitutionally unreasonable. *See Kadash.* "What is not an infringement upon public safety and is not a nuisance cannot be made one by legislative fiat and then prohibited." *Id.* at 650, 340 A.2d at 621. Further, "even legitimate legislative goals cannot be pursued by means which stifle fundamental personal liberty when the goals can be otherwise more reasonably achieved." *Commonwealth v. Sterlace,* 24 Pa.Commonwealth Ct. 62, 66, 354 A.2d 27, 29 (1976).

■ In *Kadash,* this Court noted that where a reasonable interpretation of an ordinance may be made to save its constitutionality, the Court is obliged to adopt it. The Court in *Kadash* thus interpreted an ordinance prohibiting, among other defined nuisances, the storage and accumulation of abandoned or junked motor vehicles or motor vehicles not used or licensed, as requiring that the municipality prove a nuisance in fact in any given case in order to preserve the constitutionality of the ordinance. Therefore, this Court shall interpret the Ordinance here as requiring

that Haverford prove a nuisance in fact to sustain a conviction under the ordinance. *See also Davis.*[4]

This Court's review of the findings of the trial court and the record as a whole compel the conclusion that Haverford failed to prove that the vehicles stored on Teal's property constituted a nuisance. At trial, Haverford produced evidence that Teal's vehicles were lacking current registration plates and inspection stickers only. There was no evidence that established or even inferred that the vehicles posed any public danger, inconvenience, or distraction. Accordingly, the trial court's order must be reversed. Because of this disposition, Teal's other arguments challenging the Ordinance and his conviction thereunder, as set forth in footnote 1, need not be addressed.

## ORDER

AND NOW, this 23rd day of July, 1990, the order of the Court of Common Pleas of Delaware County of September 14, 1989, imposing judgment of sentence upon Appellant, Fred Teal, is hereby reversed.

---

**4.** Haverford argues, however, that *Groff v. Commonwealth of Pennsylvania,* 100 Pa.Commonwealth Ct. 135, 514 A.2d 300 (1986), controls. In *Groff,* a panel of this Court denied a challenge to the constitutionality of a borough ordinance prohibiting the maintenance of nuisances on private property under which the challenger was convicted for storing an unlicensed and unregistered motor vehicle on his property. It was argued that the ordinance did not validly and rationally serve the purpose of regulating nuisances in the promotion of the public health, safety, and welfare. The Court found that the potential health hazards that may result from the open storage of abandoned vehicles provided a reasonable basis for their regulation as nuisances.

There is no question that abandoned or disabled or even unlicensed vehicles may be prejudicial to the public health or safety and in fact be nuisances. This will not always be true in every case, however. *Groff* correctly upheld the constitutionality of the ordinance; however, the ordinance must be interpreted to prohibit or regulate nuisances in fact and not merely nuisances per se. To the extent *Groff* does not stand for this proposition, this Court must follow the decision of the Supreme Court in *Hanzlik* and the line of cases in this Court stemming from *Hanzlik* adopting that proposition.