**Donna HOLSTEN, Appellant,**

v.

**HAVERFORD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 20, 1997.

Decided July 31, 1997.

Nicholas J. Caniglia, Wayne, for appellant.

Paul J. Winterhalter, Philadelphia, for appellee.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Donna Holsten appeals from a decision of the Court of Common Pleas of Delaware County finding her guilty of various violations of Ordinance No. 1806, Article I, which article is known as the "Haverford Township Humane Control and Regulations of Animals" (ordinance).

Holsten resides at 2800 Belmont Avenue in Ardmore, Pennsylvania. On September 28, 1995, the Haverford Township (township) Animal Control Officer, Robert Wellman, issued Holsten Citation No. A126478 for violating, *inter alia*, §§ 49–5 and 49–7 of the ordinance. This first section relates to dog licenses and the latter section concerns the control and confinement of dogs. The citation alleged that, in contravention of the ordinance, Holsten's "[three] dogs were running at large in the 2800 block of Belmont Ave." and that they had not been wearing their tags as required. On January 30, 1996, Wellman issued Holsten Citation No. A126492 for violating § 49–12(A) of the ordinance relating to animal nuisances, because he witnessed her domestic rabbit running on a neighboring property. On March 20, 1996, Wellman issued Holsten Citation No. A126505, again for violating § 49–7, claiming that, this time, her three dogs were running at large in the 600 block of Georges Lane.

The trial court convicted Holsten of these violations, assessing a $400.00 fine plus court costs for Citation No. A126478; a $200.00 fine plus court costs for Citation No. A126492; and a $500.00 fine plus court costs for Citation No. A126505. Holsten now appeals to this Court, raising these issues. 1) Whether the trial court erred in deciding she was guilty of permitting her dogs to run at large in violation of the ordinance; 2) whether the trial court erred in deciding she was guilty of permitting her rabbit to damage the property of another in violation of the ordi-

nance;[1] and 3) whether § 49–7 of the ordinance is unconstitutional and violative of the township's police power.

Holsten first argues that she could not properly be convicted of violating § 49–7 unless she allowed her dogs to run loose or knew that they were running loose, citing as authority our decision in *Gannon v. Upper Merion Township*, 16 Pa.Cmwlth. 630, 330 A.2d 537 (1975). In *Gannon*, the ordinance section at issue provided that "[i]t shall be unlawful for the dog owner of any dog *to permit* such dog to run at large within Upper Merion Township." *Id.*, 330 A.2d at 538. (Emphasis added). We explained that Black's Law Dictionary (Revised 4th Ed.1968) included among its definitions of "permit" the term "to acquiesce by failure to prevent," and we also said that "there is nothing in the record to support the conclusion that Appellant acquiesced in any of the events which led to the animal's successful flight to freedom or as is termed in the ordinance to 'run at large.' " *Id.*, 330 A.2d at 539. (Footnote omitted). We then reversed the trial court's order sustaining Gannon's conviction.

■ Of course, " '[w]hether criminal intent or guilty knowledge is a necessary ingredient of a statutory offense is a matter of construction, to be determined from the language of the statute in the light of its manifest purpose and design.' " *Baehr v. Commonwealth ex rel. Lower Merion Township*, 51 Pa. Cmwlth. 241, 414 A.2d 415, 417 (1980) (quoting *Commonwealth v. Morakis*, 208 Pa.Superior Ct. 180, 184, 220 A.2d 900, 903 (1966)); *Gannon*, 330 A.2d at 538. *Gannon* is clearly distinguishable from the case at bar, however, because, here, the ordinance merely provides in pertinent part:

## § 49–7.  Control and confinement.

■ A. *Owners shall at all times keep* their canine(s) (male or female), whether licensed or not, from running at large, molesting passersby or passing vehicles, or attacking other animals.

Obviously, there is no language in this subsection which could be interpreted as requiring either acquiescence, criminal intent or scienter on the part of the alleged offender.[2] Therefore, the fact that there was no evidence adduced before the trial court that Holsten permitted her dogs to run loose or knew that they were running loose is irrelevant.

Holsten also argues that § 49–7 is unconstitutional because of the following language.

B.  A canine (male or female) on the owner's premises, which is neither tied nor secured within an enclosure, is hereby defined as one which runs at large.

Holsten contends that

the ordinance in question, as it is written, exceeds the police power of the township in that there is a flat prohibition against permitting a dog to run on its owner's property. As a result the ordinance is confiscatory in that it attempts to declare certain acts against the public health, safety, morals and general welfare without providing for how the public welfare is endangered.

1.  We need not discuss this second issue because both the township in its brief and the trial court in its opinion agree the court erred in convicting Holsten of violating § 49–12(A), where there is no evidence her domestic rabbit "damage[d] or injure[d] personal property, real estate, shrubs, hedges, flowers or any growing thing by running over or running across property or by urinating thereon or by defiling same or by causing excrement to be placed thereon." *See* § 49–12(A). The trial court urges us to reverse Holsten's conviction in this regard, and we agree that it should be reversed.

2.  *See, e.g., Baehr*, wherein we held that Section 702 of the Dog Law of 1965, Act of December 22, 1965, P.L. 1124, *as amended*, 3 P.S. § 460–702, repealed by the Act of December 7, 1982, P.L.

784, § 1205(a), effective January 1, 1983, "unmistakably speaks in terms of strict liability for its violation...." *Id.*, 414 A.2d at 417. The language of former section 702 (now found almost verbatim in Section 305 of the Dog Law, Act of December 7, 1982, P.L. 784, 3 P.S. § 459–305, effective January 1, 1983) provided in relevant part: *"It shall be unlawful* for the owner or keeper of any dog *to fail to keep at all times* such dog either (1) confined ... (2) firmly secured ..., or (3) under the reasonable control of some person...." *Baehr, id.* (Emphasis in original). The language in the ordinance subsection at issue more closely mimics this statutory language of strict liability than it does any wording in the *Gannon* ordinance relating to permissiveness.

See, *Springdale Borough v. Chinchilla,* 13 Pa. D & C.2d 539 (1958).

(Appellant's brief, p. 11). Indisputably, Wellman, the animal control officer, acknowledged Holsten's three dogs might have been running at large *on* her property on September 28, 1995, when she was given the first citation at issue here. (*See* Notes of Testimony, N.T., October 30, 1996, pp. 18, 25).

The township asserts that its authority to promulgate rules for the preservation of public health, including laws concerning nuisances, derives from The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55101—58502. Section 1502 of the Code, 53 P.S. § 56526 specifically pertains to the prohibition and removal of any nuisance that is "on public or private grounds, prejudicial to the public health or safety. . . ."

In *Teal v. Township of Haverford,* 134 Pa.Cmwlth. 157, 578 A.2d 80 (1990), the township repeatedly cited Fred Teal for having two disabled cars on his property in violation of an ordinance relating to the prohibition against storage of disabled motor vehicles for more than seventy-two consecutive hours. This Court considered, *inter alia,* whether that ordinance was unconstitutionally unreasonable. In reaching our decision, we cited *Kadash v. City of Williamsport,* 19 Pa.Cmwlth. 643, 340 A.2d 617 (1975), because, there, we "noted that where a reasonable interpretation of an ordinance may be made to save its constitutionality, the Court is obliged to adopt it." *Teal,* 578 A.2d at 82. We then required the township to prove the two disabled cars on Teal's property amounted to a nuisance *in fact* in order to sustain his conviction pursuant to the ordinance. Holding that the township failed in its burden, we explained that "[t]here was no evidence that established or even inferred that the vehicles posed any public danger,

inconvenience, or distraction." *Id.,* 578 A.2d at 83.

■ By analogy, we interpret § 49–7 to mean that, in order to sustain Holsten's summary conviction for violating this ordinance section on September 28, 1995, the township must prove her three dogs "running at large" *on* her property amounted to a nuisance in fact. Having thoroughly read the notes of testimony, we are confident that the township in no way sustained its burden in this regard. Simply put, there is no evidence that Holsten's dogs, at loose on her private property, posed a public danger.[3]

Therefore, the order of the Court of Common Pleas of Delaware County is affirmed in part and reversed in part. The order is affirmed with respect to Holsten's conviction for violating § 49–7 of the ordinance on March 20, 1996 (Citation No. A126505); the order is reversed with respect to Holsten's conviction for violating § 49–12(A) on January 30, 1996 (Citation No. A126492); and the order is reversed with respect to her conviction for violating § 49–7 on September 28, 1995 (Citation A126478). However, because the trial court found Holsten "guilty on all counts[,]" (n.t., 10/30/96 hearing, p. 37) and this latter citation listed other offenses, which Holsten does not contest, we also remand the case to the trial court for a modification, if any, of the fine and court costs assessed on this citation.

### ORDER

AND NOW, this 31st day of July, 1997, the order of the Delaware County Court of Common Pleas, No. SA 40555–96, dated October 30, 1996, is hereby affirmed in part and reversed in part. The order is affirmed with respect to Holsten's conviction for violating § 49–7 of the ordinance on March 20, 1996 (Citation No. A126505); the order is reversed with respect to Holsten's conviction for vio-

---

**3.** Wellman's testimony tending to shed the most light on this matter is as follows.

> Q. You also have no knowledge of these dogs having any violent tendency?
> A. That would be incorrect.
> Q. They've never bitten anybody, is that correct?
> A. As in a person, no.

Q. Okay, are you saying one incident where they chased a dog off their property, are you referring to?
A. The one incident where the dog was on a walk and the animals were not restrained.
Q. That's the only incident you're aware of?
A. They've also killed some rats on the property, too.
(N.T., 10/30/96 Hearing, p. 20).

lating § 49–12(A) on January 30, 1996 (Citation No. A126492); and the order is reversed with respect to her conviction for violating § 49–7 on September 28, 1995 (Citation A126478). Further, we remand the case to the court of common pleas for a modification, if any, of the fine and court costs assessed on Citation No. A126478.

Jurisdiction Relinquished.